(43 South. 248.)

No. 16,200.

BIFFI v. DASARO et al.

(March 4, 1907.)

ASSAULT AND BATTERY—CIVIL ACTION—EVIDENCE.

This is an action brought by the plaintiff against defendants for damages for injuries received from an alleged assault and battery.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Mrs. Charles Biffi against Salvator Dasaro and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Louis Paul Bryant, for appellant. Philip Joseph Patorno, for appellees.

## Statement of the Case.

NICHOLLS, J. Plaintiff seeks to obtain judgment in solido against defendants for $5,000 for actual and punitory damages. She avers that on November 5, 1905, while in front of her residence, defendants came out of their place of business at the corner of Lapeyrouse and Roman streets, and, approaching petitioner, willfully, maliciously, and wantonly assaulted petitioner by striking her violently on the head, face, and body with their fists and kicking petitioner; that Steven Dasaro struck petitioner a severe blow over her left eye and upon her mouth, which caused her to fall to the ground; that whilst she was making an effort to rise, and before she could do so, Salvator Dasaro struck her a vicious kick on the side of her body, which caused her to again fall to the ground; that, thereupon, said defendants wantonly and maliciously continued to beat and strike petitioner about the face and body as aforesaid, until they were prevented from doing petitioner further injury by the interference of persons who came to petitioner's rescue; that, as a result of the aforesaid assault, her head, mouth, and lip were cut, her left eye badly bruised, and her side very much swollen; that she suffered great bodily and mental pain and agony, and was compelled to remain in bed for five days, under the treatment of a physician; that she is still suffering great pain and inconvenience, said injuries being inflicted by the said Salvator Dasaro and Steven Dasaro.

Defendants each pleaded the general issue.

The district court rendered judgment rejecting plaintiff's demand, and she has appealed.

## Opinion.

This case turns entirely upon questions of fact. The trial judge decided in favor of the defendant. He saw and heard the witnesses, and was much better able to form correct conclusions as to the credibility of the witnesses and the weight to be attached to their testimony than this court is or could be. We have examined the record with care. It is to be regretted that trial judges, having official stenographers to whom they can dictate in a few words their reasons for judgment, should not avail themselves of the fact and do so, instead of sending up the cases with the stereotyped reason assigned that the judgment was rendered by reason of the law and the evidence being in favor of one or the other of the parties. We do not know with certainty in this particular case upon what precise grounds the court acted. Whatever those grounds were, in fact, we are not prepared to say that it erred, as we must do in order to reverse the judgment.

The plaintiff has testified in this case, and she has caused a number of witnesses to be sworn, by whom her testimony is supposed to be corroborated. We think her own testimony very unsatisfactory. She relates in it only part of the occurrences of the 5th of November. She fails entirely to show that that difficulty had two phases to

SUCCESSION OF QUINLAN.

it; the first part which occurred before her own premises, and the second part which took place near or before those of the Dasaros. We are satisfied from the testimony that the defendants had nothing to do with the occurrences before her house; that they were not present at that time, and had no knowledge of them; and that whatever connection they had with the matter commenced after the parties left her premises and were running towards the corner of Roman street. There can be no doubt that she and her husband were chasing Cuccia, with whom they had a difficulty, in front of her premises, with the intention of assaulting and beating him, and possibly doing him more serious harm. At that time she and her husband were unquestionably aggressors, when, through the action of the defendants, they were prevented from breaking the peace. There is nothing to connect the defendants with the antecedent acts of Cuccia. There was no privity between them, and none between the father and the son when they intervened to prevent further trouble. Though they both acted at the same time and for the same purpose, their acts were separate and distinct. We do not think that either knew or had reason to know what the other might do in seeking to check further trouble. We are satisfied that such blows and injuries as the plaintiff received were inflicted either entirely by Cuccia, or, if not entirely, then in greater part by him, before defendants had any connection with the events of the day. Cuccia admits in his testimony that he struck the plaintiff in the face and on the body, and that he knocked her down in the first stage of the difficulty. The injuries which she alleged she had received that day were of the precise character which would result from those facts. The testimony of plaintiff's witnesses is as unsatisfactory as her own. It is not in accord with it, nor that of the others, and even their own separate testimony is contradictory. They do not distinguish between what occurred in front of defendant's premises and what occurred before that of the defendants, and they fail to refer to what they must unavoidably have seen, had plaintiff's testimony been correct. We consider their testimony unreliable as a basis for a judgment. Taking the case as a whole, we think the judgment appealed from is correct, and it is hereby affirmed.

The district court rendered judgment in favor of the defendants, and under the evidence that judgment is affirmed.